# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP JORDAN, Jr., aka JOHN JORDAN, CDCR #C-71742, <br><br> Plaintiff, <br><br> vs. <br><br> E. LLOYD, <br><br> Defendant. | Civil No. 11cv2031 MMA (POR) <br><br> **ORDER:** <br><br> **(1) DISMISSING CIVIL ACTION FOR FAILING TO PAY FILING FEES AND FOR FAILING TO MOVE *IN FORMA PAUPERIS*; AND** <br><br> **(2) DISMISSING ACTION AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915A** |

Plaintiff, currently incarcerated at Calipatria State Prison, in Calipatria, California, and proceeding pro se, has filed a civil action entitled "Instrument of Clarification of the Private Legal Process" [ECF No. 1].

**I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS**

Any party instituting a civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th

1  Cir. 1999). However, Plaintiff has not prepaid the $350 filing fee required to commence a civil
2  action; nor has he submitted a Motion to Proceed IFP. Therefore, the case must be dismissed
3  pursuant to 28 U.S.C. § 1914(a).

4  **II.    Initial Screening per 28 U.S.C. § 1915A(b)**

5        The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the Court to
6  review complaints filed by anyone "incarcerated or detained in any facility who is accused of,
7  sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions
8  of parole, probation, pretrial release, or diversionary program," "as soon as practicable after
9  docketing" and regardless of whether the prisoner prepays filing fees or moves to proceed IFP.
10 *See* 28 U.S.C. § 1915A(a), (c). The Court must sua sponte dismiss prisoner complaints, or any
11 portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may
12 be granted. 28 U.S.C. § 1915A(b); *Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

13       While Plaintiff's action is far from clear, Plaintiff is apparently seeking to sue a District
14 Court Clerk. Plaintiff refers to himself as a "free born living breathing flesh and blood neter
15 [god] created sovereign sentient being" and seeks to "clarif[y] the private legal process."
16 (Compl. at 1.) A complaint is frivolous "where it lacks an arguable basis either in law or in
17 fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to
18 be frivolous under § 1915A because they lack even "an arguable basis either in law or in fact,"
19 and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328. Thus, the
20 Court dismisses the entirety of Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915A.

21 **II**.    **CONCLUSION AND ORDER**

22       For the reasons set forth above, the Court hereby:

23       (1)    **DISMISSES** this action sua sponte without prejudice for failing to pay the $350
24 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

25       **IT IS FURTHER ORDERED that:**

26       (2)    Plaintiff's Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.
27 Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time,
28 leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir.

1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

(3)  Further, this Court **CERTIFIES** that any IFP appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

(4)  The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED:  September 6, 2011

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge